SUMMARY ORDER
Plaintiff Robert Novak appeals pro se from a March 26, 2007 judgment entered in the United States District Court for the *205 Eastern District of New York, which granted the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(8) of defendants Tucows Inc., OpenSRS, and Nitin Networks Inc. (collectively “defendants”), see Novak v. Tucows, Inc., No. 06-1909, 2007 WL 922806 (E.D.N.Y. Mar.26, 2007). Novak appeals as well from the District Court’s April 20, 2007 Order, which denied his motion for reconsideration. We assume the parties’ familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.
In November 1997, Novak obtained the internet domain name “petsware-house.com” through an internet domain name registration company. In July 2001, Novak trademarked his domain name. In February 2003, a default judgment was obtained against Novak in an Alabama state court in an unrelated action, in the amount of $50,000. It appeal's that in an effort to affect the venue of future litigation, Novak, who is a New York resident, transferred his domain name from the original registration company, which is based in Maryland, to Nitin Networks Inc. (“Nitin”), which is based in New York. Soon after, Nitin transferred the domain name to Tucows Inc. (“Tucows”), a Canadian-based company. In May 2003, the Alabama trial court issued a writ of execution, which required Tucows to suspend its domain name hosting of “petsware-house.com” and to turn over the name to the local sheriffs department for public auction, to be used to pay the default judgment. Tucows complied with the court order. Novak challenged the trial court’s decision and, in April 2004, the Alabama Court of Civil Appeals reversed the default judgment and the writ of execution. In October 2004, Tucows returned the domain name to Novak.
In April 2006, Novak filed a complaint against defendants in the instant action, alleging that the transfer of “petsware-house.com” out of his control between May 2003 and October 2004 harmed his business. Specifically, he alleged that the transfer diluted the “petswarehouse.com” trademark in violation of 15 U.S.C. § 1125(c) of the Lanham Act, and that the transfer deceptively and misleadingly represented defendants’ association with the domain name, which constituted unfair competition and cyberpiracy under 15 U.S.C. §§ 1114, 1117 & 1125(a).[1] In July 2006, defendants separately moved to dismiss the complaint on the basis of improper venue in light of a forum selection clause in their contract (which dictated that the appropriate forum would be Ontario, Canada). Novak then cross-moved to strike the declarations and exhibits submitted by defendants in support of their motion to dismiss, and Tucows moved to strike some of Novak’s exhibits.
On March 26, 2007, the District Court issued a Memorandum and Order, in which it granted in part and denied in part No-vak’s motion to strike, granted Tucows’ motion to strike, and granted defendants’ motions to dismiss on the basis of improper venue. See Novak, 2007 WL 922306. Specifically, the District Court found that the forum selection clause was fully enforceable, and that Novak had failed to demonstrate venue in the Eastern District of New York by a preponderance of the evidence, thereby warranting the dismissal of his complaint. Id. On April 5, 2007, Novak filed a motion for reconsideration *206 under Federal Rule of Civil Procedure 59(e), which the District Court denied in an Order of April 20, 2007. Novak filed a timely appeal.
Before this Court, Novak principally argues that the District Court erred in (1) admitting into evidence the defendants’ affidavits, which were executed in Canada; (2) denying the admission of his exhibits, which were printouts from various internet pages; (3) finding that he had assented to the forum selection clause; (4) determining that the forum selection clause was enforceable; and (5) denying his motion for reconsideration. We consider each argument in turn.
Beginning with Novak’s arguments concerning the District Court’s evidentiary rulings, we note that “[w]e review a district court’s evidentiary rulings for abuse of discretion, reversing only when (1) the district court's decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.” In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 135 (2d Cir.2008) (internal quotation marks omitted). Upon a review of the record, we conclude that the District Court did not err, much less abuse its discretion, in admitting into evidence certain of defendants’ affidavits, and in denying the admission of certain of Novak’s exhibits. Accordingly, we reject Novak’s first two arguments.
Regarding Novak’s arguments concerning the forum selection clause, we note that “[wjhere the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is de novo.” Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir.2007). “Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis” which includes determining first “whether the clause was reasonably communicated to the party resisting enforcement”; second, “whether the parties are required to bring any dispute to the designated forum”; and third, “whether the claims and parties involved in the suit are subject to the forum selection clause.” Id. at 383 (internal citations omitted). If the first three inquires are answered affirmatively, then the forum clause is presumptively enforceable. Id. “The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.” Id. (internal citations and quotation marks omitted). For substantially the reasons stated in the District Court’s careful and thorough Memorandum and Order of March 26, 2007, see Novak, 2007 WL 922306, we conclude that the clause (1) was reasonably communicated to Novak, (2) required the parties to bring a dispute to the designated forum, and (3) applied to the claims at issue in the present litigation, and that (4) Novak failed to rebut the presumption of enforceability. Accordingly, we find Novak’s arguments to be without merit.
With respect to Novak’s motion for reconsideration, we note that we review a District Court’s ruling on a Rule 59(e) motion for abuse of discretion. See Gordon v. Matthew Bender & Co., Inc., 186 F.3d 183, 185 (2d Cir.1999). Because we conclude that the District Court properly dismissed Novak’s claims for improper venue, we also conclude that the District Court did not err in denying Novak’s motion for reconsideration.
*207 Finally, we note that we have considered all of Novak’s remaining claims and have determined that they are also without merit.

CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.

. The complaint also raised pendent state law claims — including conversion, negligence, bailee breach of duty, bailee breach of trust, negligent misrepresentation, breach of contract, tortious interference, and intentional infliction of emotional distress — which we need not address.